IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| FERNANDO NUNEZ, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 11-3160-CV-S-ODS |
| ) | Crim. No. 08-03125-02-CR-S-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 (DOC. 1)

Pending is Fernando Nunez' Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The Court denies the motion.

### I. BACKGROUND

Nunez pleaded guilty to conspiracy to distribute over 500 grams of methamphetamine. The Court sentenced him to 180 months' imprisonment. He did not appeal.

Nunez' § 2255 motion asserts two claims of ineffective assistance of counsel. First, Nunez claims his attorney did not raise all the challenges with respect to the presentence investigation report (PSR) that Nunez wanted her to raise. Second, Nunez claims his attorney failed to argue for a sentence below the statutory minimum.

### II. DISCUSSION

The Court is required to grant Nunez an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. For ineffective assistance of counsel claims, the Court first determines whether counsel's representation fell below an

objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). The Court then asks whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

*(1) PSR Objections*

Nunez was assessed one criminal history point under USSG § 4A1.1(c) due to a prior sentence he received for driving under the influence and extreme driving under the influence in 2002. Nunez simply argues "[t]he term of incarceration does not fit the bill for the point which was added." Nunez notes he was 17 years old when the offenses were committed, but his age does not prevent the sentence from being counted. § 4A1.2(d)(2)(B) (directing that 1 point be added "for each adult or juvenile sentence imposed within five years" of instant offense). Nunez also notes that he received a 30-day jail sentence with 20 days suspended; however, even where imposition or execution of a sentence is *totally* suspended, it still "shall be counted as a prior sentence." § 4A1.2(a)(3). And Application Note 5 of the Commentary to § 4A1.2 states, "Convictions for driving while intoxicated . . . are counted."[1] Nunez' counsel was not deficient for failing to object to the criminal history point assessed under §4A1.1(c).

Nunez also was assessed two criminal history points under § 4A1.1(d) because the instant offense was committed while he was on probation. Nunez asserts this subsection was amended shortly after his sentence was imposed and his counsel was ineffective for not seeking retroactive application of the amendment. But subsection (d) was not amended as Nunez contends; a different subsection to § 4A1.1 – *(e)* – was. This subsection was not applied to Nunez. Thus, counsel was not ineffective for failing to seek retroactive application of the amendment to Nunez' sentence.

---

[1] The Court does not need to delve into whether Nunez' sentence constituted a "term of imprisonment of at least thirty days" under § 4A1.2(c)(1) because his convictions were not of, nor similar to, the offenses identified in that paragraph.

*(2) Statutory Minimum*

The Guidelines range for Nunez' sentence was 292 to 365 months' imprisonment. In part because Nunez is paralyzed from a spinal cord injury, Nunez' counsel argued for a statutory minimum sentence (120 months' imprisonment).

Nunez argues his counsel was ineffective for not seeking a sentence below the statutory minimum based on his paralysis. But, as the government counters, a district court has no authority to sentence a defendant below the statutory minimum absent a substantial assistance motion, *see U.S. v. Freemont*, 513 F.3d 884, 888 (8th Cir. 2008), and no such motion was filed in this case. And regardless, Nunez cannot show prejudice because the Court declined his counsel's request for a statutory minimum sentence based on Nunez' disability and sentenced him to 180 months' imprisonment; there is no reasonable probability the Court would have imposed a sentence below the statutory minimum due to Nunez' disability.

## III. CONCLUSION

The motion, files, and records of the case conclusively show Nunez is entitled to no relief. Nunez' § 2255 motion is denied without an evidentiary hearing.
IT IS SO ORDERED.

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 21, 2011  UNITED STATES DISTRICT COURT